1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEREMIAH-MATTHEW STORER,              Case No. 2:25-cv-02065-DC-CSK PS

12              Plaintiff,

13         v.                              FINDINGS AND RECOMMENDATIONS
                                           DENYING IFP REQUEST, DENYING
14   NEVADA COUNTY SUPERIOR                PLAINTIFF'S EX PARTE MOTION FOR
     COURT, et al.,                        TEMPORARY RESTRAINING ORDER
15                                         AND DISMISSING COMPLAINT
              Defendants.
16                                         (ECF Nos. 1-3)

17

18         Plaintiff Jeremiah-Matthew Storer, who is proceeding pro se, brings this action

19   against Defendants Nevada County Superior Court, Judge Alissa Bjerkhoel[1] in her

20   official and individual capacities, District Attorney Jesse Wilson in his official and

21   individual capacities, the Nevada County Sheriff's Department, and Sheriff Shannon

22   Moon in her official and individual capacities.[2] See Compl. (ECF No. 1). Pending before

23   the Court is Plaintiff's "Petition for Writ of Mandamus with Ex Parte Application for

24   Emergency Temporary Restraining Order." See Pl. Mot. (ECF No. 2). Pursuant to Local

25   Rule 230(g), the Court submits the motion upon the record and briefs on file.

26   _____

27   [1]  Judge Alissa Bjerkhoel was improperly sued as Alyssa Bjerkhoel.
     [2]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
28   Civ. P. 72, and Local Rule 302(c), and was referred to the undersigned by the District
     Judge assigned to the case (ECF No. 4).

                                            1

For the reasons that follow, the Court recommends DENYING Plaintiff's motion for a Temporary Restraining Order ("TRO"), recommends DENYING Plaintiff's motion to proceed in forma pauperis (ECF No. 2), and recommends DISMISSING Plaintiff's Complaint without leave to amend.

## I.    MOTION TO PROCEED IFP

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff's IFP shows that he has no monthly income and greater than $100 in cash or a checking or savings account. *See* ECF No. 3. Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See id.* However, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous and without merit because it fails to state a claim and lacks subject matter jurisdiction. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child*

1  *Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its

2  discretion by denying McGee's request to proceed IFP because it appears from the face

3  of the amended complaint that McGee's action is frivolous or without merit"); *Smart v.*

4  *Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine

5  any application for leave to proceed in forma pauperis to determine whether the

6  proposed proceeding has merit and if it appears that the proceeding is without merit, the

7  court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because

8  it appears from the face of the First Amended Complaint ("FAC") that this action is

9  frivolous and is without merit as discussed in more detail below, the Court recommends

10  denying Plaintiff's IFP motion.

11  **II.    BACKGROUND**

12      Plaintiff filed this action on July 24, 2025 against Defendants Nevada County

13  Superior Court, Judge Alissa Bjerkhoel in her official and individual capacities, District

14  Attorney Jesse Wilson in his official and individual capacities, the Nevada County

15  Sheriff's Department, and Sheriff Shannon Moon in her official and individual capacities.

16  *See* Compl. Plaintiff concurrently filed a "Petition for Writ of Mandamus with Ex Parte

17  Application for Emergency Temporary Restraining Order." *See* Pl. Mot.

18      In the Complaint, Plaintiff lists that his is bringing the following claims:  (1) Fourth

19  Amendment violations; (2) Sixth Amendment violations; (3) Eighth Amendment

20  violations; (4) Fourteenth Amendment violations; (5) Vindictive prosecution; and

21  (6) California Constitutional and statutory violations. Compl. at 4-5. Plaintiff alleges that

22  he was kidnapped and held hostage for ransom by Nevada County Sheriffs after an

23  unlawful search and seizure at his private property. *Id.* at 6. Plaintiff alleges that he and

24  his wife were "divided by an unlawful restraining order" placed on Plaintiff by Defendant

25  Bjerkhoel and "banning him from his wife and home." *Id.* On the Civil Cover Sheet

26  attached to the Complaint, Plaintiff lists a related criminal case in the Nevada County

27  Superior Court, case number CR0004272. (ECF No. 1-1.)

28      In Plaintiff's TRO motion, he states that he requests immediate relief for a July 17,

2025 state court hearing held in Nevada County. Pl. Mot. at 1. Plaintiff states that on July 8, 2024, Nevada County Sheriff's deputies conducted a warrantless entry into his private property without probable cause. *Id.* at 8. Plaintiff alleges that he was arrested without a warrant and was detained in jail for four days. *Id.* Plaintiff further alleges that on July 11, 2024, Defendant Judge Bjerkhoel violated his Sixth Amendment rights by "forcing appointment of counsel" against Plaintiff's objections. *Id.* According to Plaintiff, Defendant Judge Bjerkhoel imposed excessive bail. *Id.* Plaintiff alleges that there is an imminent threat of an unlawful bench warrant, revocation of bail, and continued prosecution. *Id.* at 7. Plaintiff also attaches multiple documents that appear to have been filed in the Nevada County Superior Court related to Plaintiff's state court criminal case number CR0004272. *See* Pl. Mot. at 21-24, 46-50.

## III.     SCREENING REQUIREMENT

### A.     Legal Standards

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d

4

1   618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does

2   not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007);

3   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4         To state a claim on which relief may be granted, the plaintiff must allege enough

5   facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A

6   claim has facial plausibility when the plaintiff pleads factual content that allows the court

7   to draw the reasonable inference that the defendant is liable for the misconduct alleged."

8   *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the

9   complaint and an opportunity to amend unless the complaint's deficiencies could not be

10  cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80

11  F.3d 336, 339 (9th Cir. 1996).

12      **B.**    **Discussion**

13          1.    *Younger* Abstention

14        In *Younger v. Harris*, the Supreme Court held that when there is a pending state

15  criminal proceeding, federal courts must refrain from enjoining the state prosecution

16  absent special or extraordinary circumstances. 401 U.S. 37, 45 (1971). The Ninth Circuit

17  has "articulated a four-part test to determine when *Younger* requires that federal courts

18  abstain from adjudicating cases that would enjoin or risk interfering with pending state-

19  court proceedings." *Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023). "*Younger*

20  abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the

21  proceeding implicate[s] important state interests; (3) there is an adequate opportunity in

22  the state proceedings to raise constitutional challenges; and (4) the requested relief

23  seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial

24  proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations in

25  original) (internal quotation marks and citation omitted). All four factors must be met to

26  find abstention appropriate. *Duke*, 64 F.4th at 1094. But even if all four *Younger* factors

27  are satisfied, federal courts will not invoke the abstention doctrine if there is a "showing

28  of bad faith, harassment, or some other extraordinary circumstance that would make

1    abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457
2    U.S. 423, 435 (1982).

3        Based on Plaintiff's Complaint and TRO, it appears that Plaintiff's allegations are
4    related to an ongoing criminal case in the Nevada County Superior Court. In the
5    Complaint, Plaintiff discussed an allegedly unlawful restraining order placed on him that
6    was issued by Defendant Judge Bjerkhoel at the request of Defendant District Attorney
7    Wilson. Compl. at 6. Plaintiff also lists a related criminal case from the Nevada County
8    Superior Court on the Civil Cover Sheet filed with Plaintiff's Complaint in this Court. (ECF
9    No. 1-1.) Further, in Plaintiff's TRO motion, Plaintiff states that Defendant Judge
10   Bjerkhoel violated his Sixth Amendment rights in the Nevada County Superior Court, that
11   a demurrer was filed and heard, and that Plaintiff appeared and verbally entered a
12   *Faretta* motion. Pl. Mot. at 6. Plaintiff also states that he requests immediate relief for a
13   July 17, 2025 hearing in Nevada County. *Id.* at 1. Plaintiff requests an immediate stay of
14   all Nevada County Superior Court proceedings in his ongoing criminal case number
15   CR0004272 pending resolution of the federal action. *Id.* at 15.

16       A review of the Nevada County Superior Court docket for case number
17   CR0004272 confirms that this criminal case is ongoing, which implicate important state
18   interests, meeting the first two factors under *Younger*. As to the third factor, there is no
19   indication that Plaintiff is unable to raise any constitutional claims in the pending state
20   case. *See Penzoil Co. v. Texaco*, 481 U.S. 1, 15 (1987) (holding that federal courts
21   should assume that state procedures will afford an adequate opportunity for
22   consideration of constitutional claims "in the absence of unambiguous authority to the
23   contrary"). Finally, Plaintiff's presumptive relief, a stay of the Nevada County Superior
24   Court proceedings, would enjoin the ongoing state criminal prosecution, meeting the
25   fourth *Younger* factor. Thus, all four factors under *Younger* are met. Further, Plaintiff
26   includes no facts or evidence demonstrating that extraordinary circumstances warrant
27   this Court's interference with the Nevada County Superior Court proceedings.

28       Because the *Younger* abstention doctrine applies, the Court recommends that this

1  action be dismissed without prejudice.

2              2.    *Rooker-Feldman* Doctrine

3          Under the *Rooker-Feldman* doctrine, federal district courts may not "review the

4  final determinations of a state court in judicial proceedings." *Worldwide Church of God v.*

5  *McNair, et al.*, 805 F.2d 888, 890 (9th Cir. 1986). The doctrine reflects the fact that the

6  only federal court with the jurisdiction to review state court decisions is the United States

7  Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Lower

8  federal courts can review the constitutionality of laws, but not the judgment of a state

9  court in a particular case. *See District of Columbia Court of Appeals v. Feldman*, 460

10  U.S. 462, 482-83 (1983). District courts therefore lack subject matter jurisdiction if the

11  current claims are "inextricably intertwined" with a state court decision and "the

12  adjudication of the federal claims would undercut the state ruling or require the district

13  court to interpret the application of state laws or procedural rules[.]" *Bianchi v.*

14  *Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

15          Plaintiff states that he and "his wife were divided by an unlawful restraining order."

16  Compl. at 6. To the extent Plaintiff is asking this Court to review the state court's

17  issuance of a restraining order, this is barred by the *Rooker-Feldman* doctrine because it

18  is a final determination of the state court. Accordingly, Plaintiff's claims should be

19  dismissed.

20              3.    Judicial Immunity

21          One of the defendants in this case is Nevada County Superior Court Judge Alissa

22  Bjerkhoel. Under the doctrine of judicial immunity, judges have absolute immunity for

23  their acts related to the judicial process. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir.

24  2002); *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985).

25          Here, Plaintiff brings suit against Defendant Judge Bjerkhoel for issuing an

26  allegedly "unlawful restraining order" (Compl. at 6), for attempting to appoint Plaintiff

27  counsel in his criminal case, and for requesting allegedly excessive bail (Pl. Mot. at 8).

28  Plaintiff challenges conduct related to Judge Bjerkhoel's judicial duties (*see* Compl. at 6;

Pl. Mot. at 8), and Judge Bjerkhoel has absolute immunity for these acts. Therefore, Plaintiff's claims against Defendant Judge Bjerkhoel should be dismissed. *See In re Castillo*, 297 F.3d at 947.

### 4.    Prosecutorial Immunity

One of the Defendants in this case is Jesse Wilson, who Plaintiff identifies as the District Attorney. Compl. at 3. "Attorneys who prosecute cases on behalf of the Government are absolutely immune from claims based on their participation in the judicial process." *Joelson v. United States*, 2020 WL 6449196, at *3 (S.D. Cal. Nov. 3, 2020) (citations omitted); *see Imbler v. Pachtman*, 424 U.S. 409, 422-23, 429-30.

Plaintiff alleges that the District Attorney unlawfully requested that the judge issue a restraining order. Compl. at 6. The conduct Plaintiff challenges relates to Wilson's acts related to his prosecutorial role in the judicial process, and Wilson has absolute immunity for these acts. Therefore, Defendant Wilson is immune from this suit, and Plaintiff's claims against Defendant Wilson should be dismissed. *See Joelson*, 2020 WL 6449196, at *3.

### 5.    Eleventh Amendment Immunity

One of the Defendants in this action is the Nevada County Superior Court. The Ninth Circuit has held that the Superior Court of the State of California is an arm of the state, and therefore has Eleventh Amendment immunity. *Munoz v. Superior Court of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024). Accordingly, the Nevada County Superior Court is immune from suit, and should be dismissed.

### 6.    Failure to Comply with Federal Rule of Civil Procedure 8

The Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). From the Complaint, Plaintiff brings claims under the Fourth Amendment, Sixth Amendment, Eighth Amendment, Fourteenth

1  Amendment, for "vindictive prosecution," and California Constitutional and statutory

2  violations. Compl. at 4-5. Plaintiff provides general statements related to these claims,

3  such as that he was kidnapped and held hostage for ransom by Nevada County Sheriffs,

4  that Defendant Judge Bjerkhoel issued an unlawful restraining order that was requested

5  by the District Attorney, and that Judge Bjerkhoel requested excessive bail. *See* Compl.

6  at 6. However, Plaintiff does not describe these allegedly unlawful acts in detail or

7  provide sufficient information to put Defendants on notice of the claims against them.

8  The Complaint also does not clearly state the elements of any claim. *See* Compl.

9  Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's

10  complaint must give fair notice and state the elements of a claim plainly and succinctly.

11  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

12      The Complaint is therefore subject to dismissal. *See McHenry v. Renne*, 84 F.3d

13  1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot

14  determine from the complaint who is being sued, for what relief, and on what theory, with

15  enough detail to guide discovery").

16  **IV.    TEMPORARY RESTRAINING ORDER**

17      In the ex parte TRO motion, Plaintiff seeks an "immediate TRO staying all Nevada

18  County criminal, prosecutorial, or contempt proceedings, warrant issuance, and bail

19  modifications, pending further order of this Court." Pl. Mot. at 14.

20      **A.    Legal Standards**

21      Plaintiff moves ex parte for a temporary restraining order and writ of mandamus

22  pursuant to Federal Rules of Civil Procedure 65 against all Defendants. The standard for

23  issuing a TRO is the same as the standard for issuing a preliminary injunction, which

24  requires the plaintiff to "establish that he is likely to succeed on the merits, that he is

25  likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

26  equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat.*

27  *Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the first factor "is a threshold

28  inquiry and is the most important factor," a "court need not consider the other factors" if a

1   movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036,

2   1040 (9th Cir. 2023) (internal quotation marks and citations omitted).

3       "A preliminary injunction is an extraordinary remedy never awarded as of right,"

4   and may only be awarded upon a clear showing that the plaintiff is entitled to relief.

5   *Winter*, 555 U.S. at 22, 24 (citation omitted). "Under *Winter*, plaintiffs must establish that

6   irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction."

7   *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

8       **B.    Discussion**

9           **1.    Plaintiff's Motion Is Procedurally Deficient**

10      Federal Rule of Civil Procedure 65(b)(1) permits the court to issue a TRO without

11  notice to the adverse party only if (1) specific facts in the affidavit or underlying pleading

12  show that immediate and irreparable injury, loss, or damage will result before the

13  opposing party may be heard; and (2) the movant certifies in writing efforts made to give

14  notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). This

15  Court's Local Rules also set forth certain procedural mandates for a temporary

16  restraining order to issue, including that the movant provide the following documents:

17  (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on the relevant

18  legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit

19  detailing the notice or efforts undertaken or showing good cause why notice should not

20  be given; (6) a proposed temporary restraining order and provision for bond; (7) a

21  proposed order with blank for fixing time and date for a hearing; and (8) where a

22  temporary restraining order is requested ex parte, the proposed order should also notify

23  the affected parties of the right to apply to the Court for modification or dissolution on two

24  (2) days' notice or such shorter notice as the Court may allow. E.D. Cal. Local Rule

25  231(c).

26      Plaintiff's motion is procedurally deficient because it does not appear that Plaintiff

27  provided proper notice to Defendants. On the TRO checklist, Plaintiff writes that "Notice

28  had not been given. However, Notice was given as well as copies of the Complete

10

Writ/TRO on July 17, 2025 approximately 11:00AM." (ECF No. 2-2 at 1.) But Plaintiff does not include an affidavit or declaration indicating Plaintiff's attempt to provide notice. *See* Fed. R. Civ. P. 65(b)(1)(B); E.D. Cal. Local Rule 231(c)(5). Further, Plaintiff has not provided specific facts in an affidavit clearly showing that immediate and irreparable injury will result before the adverse party can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A).

Plaintiff failed to comply with Rule 65(b)(1)(B) and Local Rule 231(c)(5) because he did not outline his efforts to provide notice to Defendants. *See* Pl. Mot. Courts regularly deny TROs for failing to comply with the stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying the issuance of an ex parte TRO"); *Abdel-Malak v. Doe*, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying TRO sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Seymour v. U.S. Dep't of Def.*, 2010 WL 3385994, at *1 (S.D. Cal. Aug. 26, 2010) (same); *Roman v. Nw. Tr. Servs., Inc.*, 2010 WL 3489962, at *1 (W.D. Wash. Aug. 31, 2010) (same). In addition, Plaintiff's failure to comply with the Local Rules' requirements for TROs is sufficient justification to deny the motion. *See Nible v. Macomber*, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying TRO sought by pro se plaintiff as procedurally deficient); *see, e.g.*, *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

The Court therefore recommends denial of the TRO motion based on these procedural deficiencies.

### 2.    Plaintiff Has Not Clearly Shown a Likelihood of Success on the Merits

The Court also examines the first and most important *Winter* element:  likelihood of success on the merits. Plaintiff has not demonstrated that he is likely to succeed on the merits of his claims because, as discussed above, the Complaint fails to sufficiently

plead any claims and many Defendants are immune from suit. Because the first *Winter* factor of likelihood of success is a threshold inquiry and the most important factor, a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird*, 81 F.4th at 1040; *see Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), they are still required to conform to the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

As discussed above, Plaintiff fails to state a claim against any Defendant. Accordingly, Plaintiff has failed to establish the likelihood of success on the merits. *See Feathers v. U.S. SEC*, 2022 WL 17330840, at *2-3 (N.D. Cal. Nov. 29, 2022) (dismissing complaint under Rule 8 with leave to amend, and denying TRO based on no available plausible claims); *In re Trotochau v. Bennet*, 2018 WL 6262843, at *3 (C.D. Cal. Feb. 13, 2018) (denying TRO where pro se plaintiff failed to state a claim and failed to provide notice to defendants under Rule 65(b)); *Hanson v. Hanson*, 2014 WL 587867, at *3 (S.D. Cal. Feb. 14, 2014) (denying TRO because even when construing pro se complaint liberally, allegations were insufficient to show likely success on the merits). The Court need not address the other *Winter* factors based on Plaintiff's failure to show a likelihood of success on the merits. *See Apartment Ass'n of Los Angeles Cnty., Inc. v. City of Los Angeles,* 10 F.4th 905, 917 (9th Cir. 2021); *see also Baird*, 81 F.4th at 1040. The Court therefore also recommends DENYING Plaintiff's motion for failing to establish the likelihood of success on the merits.

## V.    WRIT OF MANDAMUS

Plaintiff also appears to be seeking a writ of mandamus. Pl. Mot. at 1, 10-11. The federal mandamus statute set forth at 28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Here, Plaintiff has not brought his claims against any officer of employee of the United States or any United States agency. Accordingly, Plaintiff's request for a writ

1    of mandamus is deficient, and should be dismissed.

2    **VI.    LEAVE TO AMEND**

3            In considering whether leave to amend should be granted, the Court considers

4    that Plaintiff's claims are barred by the *Younger* abstention and *Rooker-Feldmen*

5    doctrines, and that most Defendants are entitled to immunity. Further, Plaintiff's current

6    Complaint does not present a cogent, non-frivolous claim. In light of the Complaint's

7    deficiencies, it appears granting leave to amend would be futile. The Complaint should

8    therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v.*

9    *United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

10   **VII.    CONCLUSION**

11           Based upon the findings above, it is RECOMMENDED:

12           1.      Plaintiff's motion to proceed in forma pauperis (ECF No. 3) should be

13                   DENIED;

14           2.      Plaintiff's motion for a temporary restraining order (ECF No. 2) should be

15                   DENIED;

16           3.      Plaintiff's request for a writ of mandamus (ECF No. 2) should be

17                   DISMISSED;

18           4.      Plaintiff's Complaint (ECF No. 1) should be DISMISSED without leave to

19                   amend; and

20           5.      The Clerk of the Court be directed to CLOSE this case.

21           These findings and recommendations are submitted to the United States District

22   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

23   14 days after being served with these findings and recommendations, any party may file

24   written objections with the Court and serve a copy on all parties. This document should

25   be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

26   reply to the objections shall be served on all parties and filed with the Court within 14

27   days after service of the objections. Failure to file objections within the specified time

28   may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

1  455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

2  Dated:  08/11/25

3  _____

   CHI SOO KIM

4  UNITED STATES MAGISTRATE JUDGE

5  5, stor.2065.25

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28